# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Jolevette Feliciano, et al., | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:09-cv-03130-JOF |
| Gregory L. Wehunt, | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before the court on Plaintiffs' motion for default judgment [3].

Plaintiffs, Jolevette Feliciano, Chondorra Tucker, and Clarissa Baker, filed this suit on November 9, 2009 for violations of the federal Fair Labor Standards Act for failure to pay overtime. According to the facts alleged in the complaint, Defendant Gregory L. Wehunt, D.O. is a medical practice, and each Plaintiff worked for Defendant and each worked overtime for which they were not properly compensated. Plaintiffs Feliciano and Tucker worked as Medical Assistants, and Plaintiff Baker worked as an X-Ray Technician. Waiver of service was mailed to Defendant on November 13, 2009, and Defendant signed the waiver on November 30, 2009. Defendant's answer was due January 12, 2010, but

Defendant has yet to file an answer or otherwise participate in this case beyond waiving service. On January 21, 2010, Plaintiffs filed the present motion for default.

Under Federal Rule of Civil Procedure 55(a), where a party has failed to defend, "the clerk must enter the party's default." Fed. R. Civ. P. 55(b)(2) then provides that, after the entry of default by the Clerk, a party may apply to the court for an entry of default judgment. The Clerk of the Court has not yet made an entry of default against Defendant under Fed. R. Civ. P. 55(a), and is DIRECTED to do so. The court now addresses Plaintiffs' motion and their request that this court enter default judgment against Defendant under Rule 55(b)(2).

Upon the entry of a default judgment, Defendant "admits the plaintiff's well-pleaded allegations of fact." *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, simply because Defendant is in default does not mean that a default judgment is warranted. *Id*. at 1206. Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id*. Thus, the court must determine whether the well-pleaded allegations in the complaint deemed admitted by Defendant are sufficient to establish both Defendant's liability and the amount of damages such that Plaintiffs' motion for default judgment must be granted. Here, the complaint asserts that each Plaintiff was

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

2

employed by Defendant; that Defendant was an employer within the meaning of the FLSA; and that Plaintiffs worked overtime for which they were not properly compensated. By virtue of default, Defendant admits these well-pleaded allegations, and Plaintiffs have properly pled violations of the FLSA.

Title 29 U.S.C. § 207(a)(1) provides that employees should receive compensation for hours worked in excess of forty hours in one workweek at one and one-half times their regular rate. An employee bringing suit for overtime wages under the FLSA has the burden of proving that he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946). The employer is liable for compensating an employee for all hours that the employer "suffer[s] or permit[s] [the employee] to work." 29 U.S.C. § 203(g). If the employer violates the overtime provisions of the FLSA, the employer is liable for the unpaid amount and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Plaintiffs' complaint makes no allegations of willfulness, and therefore, the statute of limitations for Plaintiffs' claims is two years. *See* 29 U.S.C. § 255(a). Any overtime that accrued before November 9, 2007, two years before the complaint was filed, cannot be recovered. *See Knight v. Columbus, Ga.,* 19 F.3d 579 (11th Cir. 1994).

Plaintiffs' motion for default judgment includes an affidavit of Plaintiffs' counsel. According to that uncontroverted affidavit and the complaint, Plaintiff Feliciano worked for

3

Defendant from October 2006 through March 2007 and again from October 1, 2008 through August 4, 2009. Plaintiffs' motion for default judgment only requests that Plaintiff Feliciano be compensated for overtime accrued during Plaintiff's second term of employment with Defendant, and therefore, the statute of limitations found in 29 U.S.C. § 255 does not bar recovery. During the relevant time period, Plaintiff Feliciano's regular pay rate was $14.00/hour. The affidavit also asserts that Plaintiff Feliciano worked approximately 66.25 hours of overtime for which she was only compensated at her regular rate. Plaintiff Feliciano calculates her damages to be $463.75 in overtime pay ($7.00/hour (time and a half minus her regular rate) x 66.25 hours) plus liquidated damages in the same amount for a total of $927.50. Plaintiff Feliciano has carried her burden with respect to establishing liability and the amount of damages owed.

Plaintiff Baker worked for Defendant from August 30, 2007 to August 18, 2009. However, Plaintiff Baker only alleges that she accrued uncompensated overtime hours from July 2008 to September 2008, and therefore, her claims are also within the statute of limitations. Plaintiff was compensated for all time worked at her regular rate but was not compensated at time and a half for overtime hours worked. Plaintiff alleges that she worked approximately 66 hours of overtime, and her regular rate of pay was $18.00/per hour. Plaintiff requests overtime compensation in the amount of $594.00 ($9.00/hour (time and half minus her regular rate) x 66 hours) plus liquidated damages in the same amount for a

4

total of $1,188.00. Plaintiff Baker has carried her burden with respect to establishing liability and the amount of damages owed.

Plaintiff Tucker worked for Defendant from June 27, 2007 to August 17, 2009. Plaintiff was compensated for all time worked at her regular rate, but was not compensated at time and a half for overtime hours worked. Her pay rate changed throughout her employment. From June 27, 2007 to June of 2008, Plaintiff Tucker received $12.00/hour. From June 2008 until August 2009, Plaintiff Tucker earned $15.00/hour. In August of 2009, until her involuntary termination on August 17, 2009, Plaintiff Tucker earned $16.00/hour. Plaintiff Tucker requests the following: $663 for the period of June 2007 to September 2007, $1,386 for the time period of September 2007 to February 2008, $360 for the time period of February 2008 to June 2008, $450 for the period of June 2008 to September 2008, $2,310 for the period of September 2008 to April 2009, and $675 for the period of April 2009 to August 2009.

Plaintiff Tucker seeks overtime compensation and liquidated damages for time periods outside of the statute of limitations. Plaintiff Tucker cannot recover the $663 in overtime for the period of June 2007 to September 2007 because that amount accrued more than two years before this suit was filed. Plaintiff Tucker can recover, and has carried her burden with respect to establishing liability and the amount of damages, for time period of February 2008 to August 2009: $3,795 in unpaid overtime compensation plus liquidated

5

damages in the same amount for a total of $7,590. Plaintiff can also recover for part of the damages requested for September 2007 to February 2008—those damages that accrued on or after November 9, 2007. However, Plaintiff's affidavit and complaint do not provide the court with enough information for the court to determine the proper amount. The court only knows that Plaintiff worked approximately 231 overtime hours during that time period, but not how much of that was accrued within the statute of limitations. Plaintiff Tucker is DIRECTED to file a motion with accompanying affidavit addressing what damages she is owed from November 9, 2007 to February of 2008.

Plaintiffs also request attorneys' fees and costs. In FLSA suits for unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In fact, "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir.1985). Such fees and costs, however, must be reasonable. Plaintiffs' attorneys' affidavit states that Attorney Alysa B. Freeman worked 15.5 hours at an hourly rate of $250 for a total of $3,875. Attorney Farahany worked 7 hours at the hourly rate of $350 for a total of $2,450. Plaintiffs also request costs in the amount of $355.62.

"[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate."

AO 72A
(Rev.8/82)

*Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is determined by "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. The burden is upon Plaintiff to show that the requested rate is reasonable, and "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Id*. In support of the claim for attorneys' fees, Plaintiffs provide the court only with an affidavit from one of their attorneys and have not identified in any manner for the court what attorneys in the relevant legal market charge. Plaintiffs have also not provided any information as to what the billed hours were for nor have Plaintiffs provided any information regarding the experience of counsel.

Plaintiffs failed to sustain their burden in proving the reasonableness of the fees they request. However, the court can rely upon its own experience to determine a reasonable fee even when faced with an inadequate fee application or fee rates which seem excessive, and the court should still award a fee where warranted. *Norman*, 836 F.2d at 1303. Relying on its own judgment and experience, the court finds that a reasonable hourly rate is $250 for both Attorney Freeman and Attorney Farahany. Using its own billing judgment, the court also finds that the 22.5 hours spent on this case were reasonable, as is the $355.62 in costs. Plaintiffs are awarded $5,625 in attorneys' fees and $355.62 in costs.

7

AO 72A
(Rev.8/82)

In conclusion, Plaintiffs' motion for default judgment is GRANTED IN PART and DENIED IN PART WITH LEAVE TO RENEW [3]. Plaintiffs' motion for default judgment is GRANTED as to Plaintiff Feliciano's claims against Defendant, and Defendant is DIRECTED to pay Plaintiff Feliciano $463.75 in overtime pay plus liquidated damages in the same amount for a total of $927.50. Plaintiffs' motion for default judgment is GRANTED as to Plaintiff Baker's claims against Defendant, and Defendant is DIRECTED to pay Plaintiff Baker $594.00 plus liquidated damages in the same amount for a total of $1,188.00. Plaintiffs' motion for default judgment is GRANTED IN PART and DENIED IN PART WITH LEAVE TO RENEW as to Plaintiff Tucker's claims against Defendant, and Defendant is DIRECTED to pay Plaintiff Tucker $3,795 in unpaid overtime plus liquidated damages in the same amount for a total of $7,590. As stated previously, Plaintiff Tucker is DIRECTED to file a motion with accompanying affidavit addressing what damages she is owed from November 9, 2007 to February of 2008. Costs and attorneys' fees are awarded in the amount of $5,980.62.

**IT IS SO ORDERED** this 15th day of April 2010.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)